IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR MARTINEZ, CRUCITA PAGAN and RONALDO ROBLES-MENENDEZ , on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF JOHN F. NEVARES & ASSOCIATES, P.S.C. and SALAS, LC.<br><br>Defendant. | CIVIL NO.<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

# CLASS ACTION COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COME p**laintiffs, Hector Martinez, Crucita Pagan and Ronaldo Robles-Menendez, on behalf of themselves and all others similarly situated, by and through the undersigned attorneys, and very respectfully state, allege and pray as follows:

## PARTIES

1. Plaintiff, Hector Martinez, is a natural person and a citizen of Puerto Rico.

2. Plaintiff, Crucita Pagan, is a natural person and a citizen of Puerto Rico.

3. Plaintiff, Ronaldo Robles-Menendez, is a natural person and a citizen of Puerto Rico.

4. Defendant Law Office of John F. Nevares and Associates, P.S.C. (hereinafter referred to as "Nevares") is a legal entity dedicated to the practice of law, organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business at V I G Building 1504, Santurce, San Juan, PR 00907.

5. Defendant Salas LC. (hereinafter referred to as "Salas") is a legal entity dedicated to the practice of law, organized and existing under the laws of a State other than the Commonwealth of Puerto Rico, with its principal place of business at 650 Poydras St., New Orleans, LA 70130.

## NATURE OF THE ACTION AND COMMON FACTUAL ALLEGATIONS

6. Plaintiffs are three of the many individuals who were part of a lawsuit arising from the explosion and subsequent fire which occurred on October 23, 2009, at the Caribbean Petroleum Corporation (CAPECO) oil refinery and oil depot in Bayamon, Puerto Rico. *See Eliezer Cruz-Aponte v. Caribbean Petroleum Corp.*, 09-cv-02092 (D.P.R. 2009) (hereinafter referred to as the "CAPECO litigation").

7. Defendants Nevares and Salas were two of several attorneys serving as counsel for plaintiffs in the CAPECO litigation.

8. The CAPECO litigation was settled on a class-wide basis and the gross settlement funds were deposited into the trust account of defendant Nevares.

9. Defendants Nevares and Salas were entitled to the reimbursement of their litigation-related expenses which were to be paid from the gross settlement funds before the distribution of plaintiffs' awards.

10. Unbeknownst to plaintiffs, defendants Nevares and Salas unethically, improperly or unreasonably used the settlement funds to reimburse themselves for their regular office overhead expenses (e.g., the salaries of staff, legal research, books, etc.) and labeled such costs as litigation-related expenses. Defendants Nevares and Salas subsequently deducted these regular office expenses from the total recoveries paid or to be paid to plaintiffs and the other CAPECO

claimants and paid those amounts to themselves instead, both before and after paying the settlement funds to plaintiffs.

11. According to Rule 1.5 of the American Bar Association Model Rules of Professional Conduct, "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

12. According to Puerto Rico's Canons of Professional Ethics, a lawyer can assume representation of clients only if unreasonable costs are not imposed on the client. § 18a Canon: Competence of the lawyer and advice to the client, T. 4 Ap. IX, § 18a.

13. Plaintiffs and all other CAPECO claimants were victims of the unethical, improper or unreasonable reimbursement of regular office overhead expenses of defendants, and the payment of such monies to defendants both before and after the distribution of settlement funds to such plaintiffs and others similarly situated

## CLASS ACTION AND JURISDICTION ALLEGATIONS

14. Plaintiffs seek to bring this case as a class action, pursuant to Rule 23 of the Federal Rules of Procedure. The proposed class (the "Claimant Class") is defined as follows:

> **All persons and entities that received compensation from the CAPECO litigation [as defined above], where such compensation flowed through any of the bank accounts of Law Office of John F. Nevares.**

15. Additionally, or alternatively, plaintiffs propose a class or subclass (the "Retained Subclass") defined as follows:

> **All persons and entities within the Claimant Class that retained the services of Law Office of John F. Nevares and Associates, P.S.C. and/or Salas LC. in connection with the CAPECO litigation [as defined above].**

16. Hereinafter, the Claimant Class and the Retained Subclass are referred to, collectively, as the "Class." Expressly excluded from the Class are: (a) any Judge or Magistrate

3

presiding over this action and members of their families; (b) defendants, their legal representatives, assigns and successors, and any entity in which defendant has a controlling interest or which has a controlling interest in defendant; and (c) all persons who properly execute and file a timely request for exclusion.

17. **Numerosity**: The exact size of the Class is unknown and unavailable to plaintiffs at this time, but it is clear that individual joinder is impracticable. The Class consists of thousands of individuals. Membership in the Class can be easily determined based on records from the CAPECO litigation and/or defendants' records.

18. **Typicality**: Plaintiffs' claims are typical of the claims of the Class members, in that plaintiffs and each Class member sustained damages arising out of defendant's uniform wrongful conduct.

19. **Commonality and Predominance**: There are many questions of law and fact common to the claims of plaintiffs and the Class members and those questions predominate over any questions that may affect individual members of the Class. These common questions include, but are not necessarily limited to, the following:

   a. Whether defendants improperly reimbursed himself from the CAPECO gross settlement funds for typical overhead expenses not properly considered litigation expenses;

   b. Whether defendants' actions constitute a breach of contract;

   c. Whether defendants' actions constitute a breach of an implied contact;

   d. Whether defendants' actions constitute a breach of a fiduciary duty;

   e. Whether defendants' actions constitute a breach of an implied duty of good faith and fair dealing;

    f.   Whether defendants were unjustly enriched by the subject conduct; and

    g.   Whether plaintiffs and the members of the Classes are entitled to restitution and/or damages, and, if so, the proper measure of restitution and/or damages.

20.    **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Class, and defendant has no defenses unique to plaintiffs.

21.    **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward Class members and making final Class-wide injunctive relief appropriate. Defendants' practices challenged herein apply to and affect the Class members uniformly and plaintiffs' challenge of those practices hinges on Defendants conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiffs.

22.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual Class members will likely be relatively small, especially when compared to the burden and expense that would be entailed by individual prosecution of the complex litigation necessitated by defendants' actions. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Defendants' misconduct. Even if Class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual

controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. As such, economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

23. This Honorable Court has jurisdiction to entertain the controversies set forth herein pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), which conveys that the federal district courts with original jurisdiction to hear a class action if [1] the class has more than 100 members, [2] the parties are minimally diverse, and [3] the matter in controversy exceeds the sum or value of $5,000,000. In the case at bar CAFA diversity jurisdiction exists, as plaintiffs are citizens of the Commonwealth of Puerto Rico, Salas is a citizen of the State of Louisiana and plaintiffs aggregate claims exceed the sum of $5,000,000.00.

## COUNT I
## BREACH OF IMPLIED CONTRACT

24. Plaintiffs, individually and on behalf of the Class, adopt and incorporate by reference Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Defendants served as counsel in the CAPECO litigation, prosecuting and settling said litigation on behalf of a plaintiff Class composed of all persons and entities injured in the October 23, 2009 explosion and fire, as further described above.

26. As counsel, defendants, upon settlement of the CAPECO litigation, were entrusted with the aggregate class-wide settlement funds with the expectation that such funds be distributed to the Class members.

27. By virtue of defendants' role as counsel and their entrustment with the settlement funds, there arose an implied contract which obligated defendants to treat the class members as they would their own clients for purposes of deducting and distributing the settlement funds.

28. Accordingly, Defendants' right to reimbursement of their costs from the settlements was limited to expenses attributable to the CAPECO litigation only and were to be paid only upon distribution of those settlement funds to plaintiffs. Continuous administrative and overhead costs incident to the general day-to-day operation of the firm are deemed to be accounted for in an attorney's fees and are not reimbursable as litigation expenses.

29. Defendants breached their implied contract(s) with the Class members by deducting from the settlement funds not just their attributable litigation expenses but also by deducting various major overhead costs and paying those sums to themselves or on their behalf or in their interest both before and after the distribution of the settlement funds to plaintiffs  Defendants thereby misappropriated a significant amount of money rightfully owed to the injured Class members.

30. As a direct and proximate result of defendants' breach of its implied contract(s), each plaintiff and Class member suffered financial damages and are entitled to relief.  Every dollar defendant impermissibly deducted from settlement fund should have gone to the Class.

31. Once the account were the settlement proceeds were deposited is properly audited, plaintiffs' aggregate claims against defendants for breach of implied contract should exceed the sum of $5,000,000.00, exclusive of interest and attorney's fees.

## COUNT II
## BREACH OF FIDUCIARY DUTY

32. Plaintiffs, individually and behalf of the Class, adopt and incorporate by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

33. Defendants, as counsel were entrusted with disbursing settlement funds and had a fiduciary duty to act in good faith and in the best interests of the Class when allocating the settlement funds among himself and the Class members.

34. As a fiduciary of the Class, defendants owed plaintiffs and the other Class members undivided and unqualified loyalty and truthful and complete disclosure of all pertinent information. Defendants were forbidden from obtaining an improper advantage at the Class's expense or otherwise acting in any manner contrary to the interests of the Class.

35. Defendants breached their fiduciary duty to the Class by surreptitiously and improperly classifying general operations/overhead expenses as "litigation expenses," thereby artificially inflating their own reimbursement rights at the expense of the Class.

36. Defendants breached their fiduciary duty to the Class by surreptitiously and improperly settling their claims and advancing themselves attorney's fees in excess of $3,000,000.00 from "partial settlements", well before the settlement proceeds were disbursed and the Class members were even notified of the partial settlement agreements.

37. Defendants breached their fiduciary duty to the Class by surreptitiously and improperly settling their claims without their expressed, or even implied consent, to enter into any settling agreement., all to further their own economic aims over those of their Class members.

38. In so doing, Defendants placed their own interests above those of the Class, failed to disclose all pertinent information to the Class and obtained an improper advantage at the direct expense of each and every Class member.

39. As a direct and proximate results of defendants' breach of their fiduciary obligations, plaintiffs and the other Class members have sustained damages in that their compensation from the CAPECO settlement was less that it should have been and would have been if not for defendants' improper self-dealing.

40. Accordingly, plaintiffs and each Class members are entitled to relief including but not limited proportional reimbursement of all monies that defendants improperly classified and paid themselves as "litigation expenses."

41. Once the account were the settlement proceeds were deposited is properly audited, plaintiffs' aggregate claims against defendants for breach of fiduciary duty should exceed the sum of $5,000,000.00, exclusive of interest and attorney's fees.

## COUNT III
## BREACH OF CONTRACT
(on behalf of the Retained Subclass)

42. Plaintiffs, individually and on behalf of the Class, adopt and incorporate by reference Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

43. Defendant Nevares entered into written representation agreements with each Retained Subclass member for purposes of the CAPECO litigation.

44. Pursuant to such representation agreements and the ethical obligations associated therewith, Defendants were entitled to deduct only their agreed-upon fees and actual litigation expenses from any amounts recovered on behalf of the Subclass members. After these limited deductions, the net funds were to be turned over promptly to the Retained Subclass members.

45. Defendants Nevares and Salas were not entitled to deduct from their clients' awards administrative and overhead costs incident to the general day-to-day operation of their firms and not specifically attributable to the CAPECO litigation.

46. Defendantsbreached the representation agreements by deducting from the settlement fund not just their attributable litigation expenses but also various major overhead costs, thereby misappropriating a significant amount of money rightfully owed to the injured Retained Subclass members.

47. As a direct and proximate result of Defendant Nevares' breach of the representation agreements, each Retained Subclass member suffered financial damages and is entitled to relief.

48. Once the account were the settlement proceeds were deposited is properly audited, plaintiffs' aggregate claims against defendants for breach of implied contract should exceed the sum of $5,000,000.00, exclusive of interest and attorney's fees.

49. Once the account were the settlement proceeds were deposited is properly audited, plaintiffs' aggregate claims against defendants for breach of contract should exceed the sum of $5,000,000.00, exclusive of interest and attorney's fees.

## COUNT IV
## UNJUST ENRICHMENT

50. Plaintiffs, individually and on behalf of the Class, adopt and incorporate by reference Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

51. Defendants have been enriched in the amount their reimbursement of "litigation expenses" from the CAPECO settlement included non-reimbursable overhead and operations expenses.

52. Such enrichment was accompanied by a correlative impoverishment to plaintiffs and the other Class members, who would have received larger shares of the CAPECO settlement if not for defendants' overpayment to themselves or to others on their behalf.

53. Defendants' enrichment occurred without justifying cause, as plaintiffs and the other Class members were neither informed of nor consented to defendants' broad interpretation and deduction of "litigation expenses."

54. Under these circumstances, allowing defendants to retain the benefit of the overpayments would be inequitable.

55. Plaintiffs and the other Class members are entitled to recover from defendants all amounts improperly retained by defendants, plus interest thereon.

56. Once the account were the settlement proceeds were deposited is properly audited, plaintiffs' aggregate claims against defendants for unjust enrichment should exceed the sum of $5,000,000.00, exclusive of interest and attorney's fees.

## COUNT V
## OBSTINANCY

57. Plaintiffs repeat and reallege Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

58. Defendants have been obstinate in the prosecution of plaintiffs' claims, and, as a result thereof, owes damages, attorney's fees and prejudgment interest.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment against defendants ordering them to pay to plaintiffs the sums prayed herein, as well as to pay a reasonable amount for attorney's fees, interest and the costs of this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of June, 2018.

**I HEREBY CERTIFY** that on June 21, 2018, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

/s/ Richard Schell-Asad, Esq.
Richard Schell-Asad USDPR #203207
Counsel for Plaintiffs
171 Chardón Ave., Suite 301
San Juan, PR 00918
Tel. 787-626-1124
Cel. 787-559-2712
Fax. 787-622-1125