IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HÉCTOR MARTÍNEZ, CRUCITA PAGÁN
and RONALDO ROBLES-MENÉNDEZ, on
behalf of themselves and all
others similarly situated,

**Plaintiffs,**

v.                                         **Civil No.** 18-1400 (FAB)

LAW OFFICES OF JOHN F. NEVARES
& ASSOCIATES, P.S.C.; SALAS,
LC,

**Defendants.**

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Héctor Martínez, Crucita Pagán, and Ronaldo Robles-Menéndez commenced a class action on behalf of themselves and all others similarly situated ("plaintiffs"). (Docket No. 1.)

Defendants Law Offices of John F. Nevares & Associates, P.S.C. ("Nevares") and Salas & Co., L.C. ("Salas," and together with Nevares, "defendants") moved to dismiss the complaint. (Docket Nos. 16, 18 and 27.) Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Nos. 16, 18 and 27.)

As discussed below, plaintiffs have not demonstrated that this Court has subject matter jurisdiction over the claims. See

Docket No. 1.  Accordingly, the complaint, (Docket No. 1,) is **DISMISSED WITHOUT PREJUDICE**.

## I. Background

Defendants represented plaintiffs in a prior class action litigation. (Docket No. 1 at p. 2.)  That litigation was settled on a class-wide basis.  Id.  The settlement funds were deposited into Nevares' trust account.  Id.  Defendants were entitled to reimbursement of their litigation-related expenses to be paid from the settlement funds before distributions to plaintiffs.  Id.

## II. Discussion

Federal courts are courts of limited jurisdiction.  Destek Grp., Inc. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003).  The party invoking federal subject matter jurisdiction shoulders the burden of establishing that jurisdiction.  See Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992).

Subject matter jurisdiction over plaintiffs' claims cannot be established pursuant to federal question jurisdiction.  28 U.S.C. § 1331.  None of the claims arises under the Constitution, laws, or treaties of the United States.  See Docket No. 1 at pp. 6–11.

Subject matter jurisdiction also cannot be premised on diversity of citizenship.  28 U.S.C. § 1332(a).  The three named plaintiffs are citizens of Puerto Rico.  (Docket No. 1 at p. 1.)

So is Nevares. See id. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 "requires complete diversity between the plaintiffs and defendants in an action." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008).

Plaintiffs attempt to invoke federal subject matter jurisdiction through the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Docket No. 1 at p. 6. CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

In suits initially filed in federal court, "the amount specified by the plaintiff controls, as long as that amount is asserted in good faith." Amoche v. Guar. Tr. Life Ins. Co., 556 F.3d 41, 49 n.3 (1st Cir. 2009) (internal quotation marks omitted). "Once the damages allegation is challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id. (internal quotation marks omitted). "A party may meet this burden by amending the pleadings or by submitting affidavits." Id. (internal quotation marks omitted).

Here, plaintiffs assert five claims against defendants. (Docket No. 1 at pp. 6-11.) Three of the claims—breach of implied contract, breach of contract on behalf of a retained subclass, and

unjust enrichment—concern allegations that defendants withdrew more money than that to which they were entitled from the settlement amounts deposited into Nevares' trust account. Id. at pp. 6-7, 9-11. Plaintiffs assert that for each of these claims, damages "should exceed the sum of $5,000,000.00, exclusive of interest and attorney's fees." See id.

Those claims, however, do not satisfy CAFA's amount-in-controversy requirement. The defendants note that, in another proceeding, plaintiffs represented to this Court that the maximum amount of money at issue in those claims is $607,356.40. See Docket No. 16 at p. 2; Docket No. 18 at p. 2. In support, defendants attach a deposition transcript and a motion from a related proceeding. See Docket No. 16, Exs. 1-2; Docket No. 18, Exs. 1-2. This Court can consider what both parties have shown. Amoche, 556 F.3d at 51; González v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Plaintiffs do not dispute this figure or make any showing that the amount at issue is greater than $607,356.40. See Docket Nos. 1 and 22.

Plaintiffs further assert that defendants breached a fiduciary duty. Id. at pp. 7-9. Defendants did so, plaintiffs allege, by (i) withdrawing from the settlement amounts more money than that to which they were entitled (the same circumstances discussed in the preceding paragraphs), and (ii) "surreptitiously

and improperly settling [plaintiffs'] claims without their expressed, or even implied consent, to enter into any settling agreement[], all to further their own economic aims over those of [plaintiffs]." Id. at p. 8. Plaintiffs also allege they "sustained damages in that their compensation from the . . . settlement was less tha[n] it should have been and would have been if not for defendants' improper self-dealing." Id. The damages for defendants' breach of fiduciary duty, plaintiffs say, "should exceed the sum of $5,000,000.00, exclusive of interest and attorney's fees." Id. at p. 9.

In their response to defendants' motions to dismiss, plaintiffs highlight the claim that defendants breached their fiduciary duty by improperly settling the claims. (Docket No. 22 at pp. 3, 12–13.) They claim that the breach of fiduciary duty justifies disgorging defendants' attorney fees, and, because the settlement was for $12,970,000.00, "[t]he full or partial return of fees improperly obtained . . . would apply to 1/3 of the full amount of the . . . settlement, or over approximately $4.3 million alone." Id. at pp. 3–4.

Plaintiffs also argue in their responsive filing that defendants "are liable for the difference between the amounts for which their claims actually settled and the amounts for which they should have been actually settled." Id. at p. 12. Plaintiffs do

not attach a dollar figure to that argument; instead, plaintiffs engage a series of hypothetical calculations in arriving at the conclusion that, if three thousand plaintiffs are each awarded $1,666.67 for their damages, the amount in controversy requirement would be met.  Id. at pp. 12-13.

Even assuming for current purposes that plaintiffs' claims associated with improper settlement satisfy pleading requirements, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), the claims fall short of the amount-in-controversy requirement.  One-third of $12,970,000.00 is $4,323,333.33.[1]  Adding that amount and $607,356.40 adds up to $4,930,690.73, leaving plaintiffs still short of the $5,000,000,000 amount in controversy requirement in 28 U.S.C. § 1332(d)(2).  Even if the amount in controversy regarding the difference between the settlement amount and the amounts for which the claims should have been settled would reach the $5,000,000,000 benchmark, the record is silent as to how the amount would be reached.  Plaintiffs have presented no facts on this matter.

Plaintiffs' fifth claim asserts that "[d]efendants have been obstinate in the prosecution in the prosecution of plaintiffs'

---

[1] Plaintiffs' assertions regarding the amount in controversy associated with improper settlement were not made by amending the pleadings or through affidavits.  That showing is necessary.  See Amoche, 556 F.3d at 49 n.3.  This makes no difference here, however, because even if the assertions were properly presented the amount in controversy would still be insufficient.

Civil No. 18-1400 (FAB)                                                7

claim, and, as a result thereof, owe[] damages, attorney's fees and prejudgment interest."  Id. at p. 11.  No dollar amount is specified for these claims either.

**III. Conclusion**

Plaintiffs have not met their burden to show "with sufficient particularity indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount."  Amoche, 556 F.3d at 49 n.3 (internal quotation marks omitted).  Accordingly, the motions to dismiss filed at Docket Nos. 16 and 18 are **GRANTED**, and the supplemental motion to dismiss filed at Docket No. 27, is **VACATED AS MOOT**.  This case is **DISMISSED without prejudice.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 10, 2020.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE